UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>         Plaintiff,<br>-against-<br><br>DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br>675 North Randolph Street<br>Arlington, VA 22203-2114<br><br>-and-<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301<br><br>         Defendants. | Civil Action No. 1:24-cv-2166 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants Defense Advanced Research Projects Agency ("**DARPA**") and the United States Department of Defense ("**DOD**" together with DARPA "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant DARPA is an agency within the Executive Branch of the United States Government and is a part of the Department of Defense. DARPA is an agency within the meaning of 5 U.S.C. § 552(f). DARPA has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant DOD is an agency within the Executive Branch of the United States Government. DOD is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On July 18, 2023, Plaintiff sent a FOIA request to DARPA seeking copies of the following records:

> The following records concerning Contract 140D0420C0006[1] awarded to Autonomous Therapeutics, Inc.:
> 
> - The solicitation, including all attachments, exhibits, and amendments.
> - The contract, including all attachments, exhibits, and modifications.

(**Exhibit 1**.)

7. On July 20, 2023, Plaintiff's request was assigned case number 23-F-1117. (**Exhibit 2**.)

---

[1] https://www.usaspending.gov/award/CONT_AWD_140D0420C0006_1406_-NONE-_-NONE-

8. As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; or (iii) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

## COUNT I
### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges the previous paragraphs as if fully stated herein.

10. Defendants are in violation of FOIA.

11. Defendants were required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

12. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

## COUNT II
### FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges the previous paragraphs as if fully stated herein.

15. Defendants failed to provide an estimated date on which the agency would complete the request.

16. Defendants are in violation of FOIA.

## COUNT III
## ENTITLEMENT TO WAIVER OF SEARCH FEES

17. Plaintiff realleges the previous paragraphs as if fully stated herein.

18. Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

19. Defendants are in violation of FOIA.

20. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 23, 2024                                   SIRI & GLIMSTAD LLP

*/s/ Elizabeth A. Brehm*
Elizabeth A. Brehm, Esq.
DC Bar No. NY0532
HelenaDollanarte, Esq.*
VA Bar No. 96260
745 Fifth Ave
Suite 500
New York, New York 10151
Tel: (240) 732-6737
ebrehm@sirillp.com
hdollanarte@sirillp.com

*Attorneys for Plaintiff*
*\*Pro hac vice to be filed.*

5